J-A02045-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| DORIAN PETERSON | : | |
| Appellant | : | No. 1292 WDA 2021 |

Appeal from the PCRA Order Entered September 27, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0001812-2008,
CP-02-CR-0016116-2007

BEFORE:  BOWES, J., OLSON, J., and MURRAY, J.

MEMORANDUM BY OLSON, J.:                      **FILED: MAY 23, 2023**

Appellant, Dorian Peterson, appeals *pro se* from the order entered September 27, 2021, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We vacate and remand for further proceedings.

This Court previously summarized the relevant facts and procedural history of this case as follows:

> On November 4, 2009, following a jury trial, [Appellant] was convicted of criminal attempt, criminal conspiracy, aggravated assault, and recklessly endangering another person at case number CP-02-CR-0001812-2008 ("1812-2008"), and [first-degree] murder, criminal conspiracy, and prohibited offensive weapon at case number CP-02-CR-0016116-2007 ("16116-2007").  On February 1, 2010, the trial court sentenced [Appellant], at 1812-2008, to an aggregate term of 10 to 20 years in prison.  At 16116-2007, the trial court sentenced [Appellant] to life in prison. [The trial court ordered Appellant's sentence at 1812-2008 to run consecutively to his

sentence at 16116-2007.] On March 16, 2012, this Court affirmed [Appellant's] judgment of sentence at both case numbers. *See Commonwealth v. Peterson*, 47 A.3d 1247 (Pa. Super. 2012) (unpublished memorandum).

On May 30, 2013, the Pennsylvania Supreme Court vacated this Court's affirmance of [Appellant's] judgment of sentence at 16116-2007, and remanded to the trial court for resentencing, in accordance with the United States Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460 (2012). *See Commonwealth v. Peterson*, 67 A.3d 789 (Pa. 2013) (*per curiam* order). On May 15, 2015, the trial court resentenced [Appellant], at 16116-2007, to an aggregate term of 40 years to life in prison, and at 1812-2008, to an aggregate term of 10 to 20 years in prison. The [trial court ordered Appellant's sentence at 1812-2008 to run consecutively to his sentence at 16116-2007. Thereafter, Appellant], represented by Thomas N. Farrell, Esquire, ("Attorney Farrell") filed a timely notice of appeal at 1812-2008. [Appellant] did not appeal his [judgment of] sentence at 16116-2007.

On September 9, 2016, this Court vacated [Appellant's] judgment of sentence . . . at 1812-2008, and reinstated the trial court's February 1, 2010 sentence[, holding that the trial court lacked jurisdiction to re-sentence Appellant at 1812-2008 pursuant to Pa.R.Crim.P. 705(B)]. *See Commonwealth v. Peterson*, 158 A.3d 174 (Pa. Super. 2016) (unpublished memorandum). This Court also ordered that the sentence at 1812-2008 run concurrently to [Appellant's] sentence at 16116-2007. *Id*.

On September 18, 2016, [Appellant], *pro se*, filed a [] petition[ seeking collateral relief at 16116-2007 and 1812-2008.] The PCRA court appointed [Appellant] counsel, who filed an [a]mended [] petition. Following a hearing, [on September 1, 2017,] the PCRA court [denied relief].

*Commonwealth v. Peterson*, 2019 WL 2564127, at *1 (Pa. Super. June 20, 2019) (footnotes and superfluous capitalization omitted). Appellant appealed to this Court, arguing that his trial counsel and appellate counsel (Attorney Farrell) provided ineffective assistance. *Id*. at *2. On June 20, 2019, this

- 2 -

Court held that Appellant's claims were waived due to inadequate briefing. *Id.* at \*3 (explaining that Appellant "fail[ed to develop any meaningful argument as to the ineffectiveness of trial counsel or [appellate counsel,] Attorney Farrell"). As such, this Court affirmed the PCRA court's September 1, 2017 order. *Id.* Thereafter, on November 19, 2019, our Supreme Court denied Appellant's petition for allowance of appeal. *See Commonwealth v. Peterson*, 220 A.3d 532 (Pa. 2019).

On June 15, 2020, Appellant filed a subsequent petition seeking collateral relief, which underlies the current appeal. On August 17, 2020, the PCRA court issued a notice of intent to dismiss Appellant's petition, pursuant to Pa.R.Crim.P. 907.[1] On August 30, 2020, Appellant filed an objection to the PCRA court's 907 notice. Appellant also filed an amended PCRA petition on April 12, 2021. Ultimately, however, the PCRA court entered the following order on September 27, 2021:

> AND NOW, to-wit, this 27th day of September, 2021, it appearing that the [c]ourt, on August 17, 2020, gave the Petitioner Notice of Intention to Dismiss and that the Petitioner filed Objections on August 30, 2020, and an Amended [PCRA Petition] on April 12, 2021, it is hereby ORDERED, ADJUDGED, and DECREED that the Petitioner's Petition and Amended PCRA Petition be and hereby are dismissed without a hearing.

PCRA Court Order, 9/27/21, at 1.

_____

[1] The PCRA court's notice is not included in the certified record but is reflected on both trial court dockets. The PCRA court also referenced its 907 notice in its September 27, 2021 order. *See* PCRA Court Order, 9/27/21, at 1.

Appellant filed a timely appeal.[2]  On November 12, 2021, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  Appellant timely complied.  The PCRA court, however, failed to file an opinion pursuant to Pa.R.A.P. 1925(a).  On July 20, 2022, we ordered the PCRA court to certify and transmit the record to this Court with or without a PCRA court opinion within 14 days.  Although the PCRA court transmitted the record to this Court, it did not file an opinion.

Appellant raises the following issue on appeal:

> [Whether PCRA counsel's failure to adequately develop the claims raised in the appeal Appellant initiated on September 18, 2016 constitutes a complete abandonment, allowing Appellant to invoke the newly-discovered fact exception at 42 Pa.C.S.A.

---

[2] In his notice of appeal, Appellant listed both trial court docket numbers on a single notice of appeal.  A copy of the notice of appeal was filed at each trial court docket.  Our Supreme Court in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) held that, "the proper practice under [Pa.R.A.P.] 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket." **Walker**, 185 A.3d at 977; **see also** Pa.R.A.P. 341(a) and official comments.  This Court, however, has held that the requirements of **Walker** and Rule 341 may be overlooked where there is a breakdown in the judicial system and a defendant is misinformed or misled regarding his or her appellate rights. **Commonwealth v. Larkin**, 235 A.3d 350, 354 (Pa. Super. 2020) (*en banc*), *appeal denied*, 251 A.3d 773 (Pa. 2021).  In the case *sub judice*, in its September 27, 2021 order dismissing Appellant's PCRA petition, the PCRA court listed both trial court docket numbers and stated that "[t]he Petitioner is hereby advised pursuant to Pa.R.Crim.P. 907, that he has the right to appeal from this Order and that *such appeal* must be taken within [30] days from the date of this Order."  PCRA Court Order, 9/27/21, at 1 (emphasis added).  Under these circumstances, we find the PCRA court's use of both trial court docket numbers, together with the use of singular language ("such appeal"), was misleading and constitutes a breakdown in court operations.  Therefore, we decline to quash Appellant's appeal on the ground the notice of appeal does not comply with the mandates of **Walker** and its progeny, as well as Rule 341.

§ 9545(b)(1)(iii) pursuant to **Commonwealth v. Bennett**, 930 A.2d 1264 (Pa. 2007)?]

**See generally** Appellant's Brief at 3.

Our standard of review is as follows:

Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions[.]

**Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015) (citations omitted).

Before we reach the merits of Appellant's appeal, we first examine whether Appellant's *pro se* petition was timely filed on June 15, 2020, an analysis which implicates the PCRA court's jurisdiction to entertain Appellant's claims for collateral relief. Our Supreme Court has instructed,

Any PCRA petition, including a second or subsequent petition, must be filed within one year of the date that the petitioner's judgment of sentence becomes final. 42 Pa.C.S.[A.] § 9545(b)(1). [T]he PCRA's timing provisions [are] jurisdictional in nature, and no court may entertain an untimely PCRA petition.

**Commonwealth v. Small**, 238 A.3d 1267, 1280 (Pa. 2020). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of

- 5 -

Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Our Supreme Court has long-held that the PCRA's time restriction is constitutionally sound. ***Commonwealth v. Peterkin***, 722 A.2d 638, 643 n.5 (Pa. 1998); ***see also Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999); ***Commonwealth v. Cruz***, 852 A.2d 287, 292 (Pa. 2004).

Upon review, we conclude Appellant's petition is untimely for purposes of pursing collateral relief from the conviction and sentence imposed at 16116-2007, because Appellant's judgment of sentence became final on June 15, 2015, when Appellant failed to initiate a direct appeal after resentencing and when the time for filing such an appeal expired. ***See*** 1 Pa.C.S.A. § 1908 (when the last day of the 30–day appeal period falls on a weekend or legal holiday such day shall be omitted from the computation of time); ***see also*** Pa.R.A.P. 903(a) (explaining that an appellant has "30 days after the entry of the order from which the appeal is taken" to file an appeal). Accordingly, to be considered timely, Appellant needed to file his petition on or before June 15, 2016. Hence, Appellant's June 15, 2020 submission was manifestly untimely in terms of seeking collateral relief on the conviction and/or sentence at 16116-2007.

At 1812-2008, however, Appellant's judgment of sentence became final on October 10, 2016, upon the expiration of time for filing an appeal following

this Court's modification of his judgment of sentence.[3] *See* 1 Pa.C.S.A. § 1908; *see also* Pa.R.A.P. 903(a). To be considered timely, therefore, Appellant needed to file his petition on or before October 10, 2017. Accordingly, Appellant's June 15, 2020 submission was also manifestly untimely in terms of seeking collateral relief on the conviction and/or sentence at 1812-2008.

If a PCRA petition is untimely filed, the jurisdictional time-bar can only be overcome if the petitioner alleges and proves one of the three statutory exceptions, as set forth in 42 Pa.C.S.A. § 9545(b)(1). *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017). The three narrow statutory exceptions to the one-year time-bar are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the

---

[3] One of the complications inherent in this matter is that, once our Supreme Court awarded relief on direct appeal in the form of resentencing at 16116-2007, but denied relief at 1812-2008, the judgments of sentence corresponding to Appellant's two trial court dockets no longer became final on the same date. This complication was exacerbated when, after the trial court resentenced Appellant at 16116-2007 on May 15, 2015, but wrongly resentenced at 1812-2008 on the same date, Appellant then appealed only the matter docketed at 1812-2008. This Court then modified Appellant's judgment of sentence at 1812-2008 on September 9, 2016, thus causing the judgment of sentence at 1812-2008 to become final on October 10, 2016.

> Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).  A petition invoking an exception to the jurisdictional time-bar must be filed within one-year of the date that the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).  If an appellant fails to invoke a valid exception to the PCRA time-bar, Pennsylvania courts are without jurisdiction to review the petition or provide relief.  *Spotz*, 171 A.3d at 676.

Here, Appellant ostensibly acknowledges that his petition is untimely, as he seeks to invoke the benefit of the newly-discovered fact exception at Section 9545(b)(1)(iii).  In particular, Appellant alleges that, on his previous appeal seeking PCRA relief, this Court concluded Appellant waived his claims of ineffective assistance because each claim was inadequately developed. *See* Appellant's Brief at 8; *see also Peterson*, 2019 WL 2564127, at *3 (holding Appellant's claims of ineffectiveness were waived for failure to develop). Accordingly, Appellant argues that, pursuant to *Bennett*, his former PCRA counsel was *per se* ineffective.  Appellant's Brief at 8-12; *see also Bennett*, 930 A.2d at 1273 (holding that when a defendant is completely deprived of his appellate review due to counsel's action, or lack of action, counsel is *per se* ineffective).  Further, Appellant claims this qualifies as a "newly-discovered fact" warranting our review because he was unaware of this Court's previous ruling, as well as the Pennsylvania Supreme Court's denial of *allocatur*,

because he never received a copy of either decision. Appellant's Brief at 11-12.

Based on the record before us, however, we cannot engage in meaningful appellate review of this matter.

> [Our Supreme] Court repeatedly has explained that, in order to enable appellate review, PCRA courts are required to provide a "legally robust discussion, complete with clear findings of fact where required." **Commonwealth v. Dennis**, 950 A.2d 945, 957 (Pa. 2008) ("A generic statement that the record proves [PCRA] claims collectively non-meritorious tells us too little to support review."); **see also Commonwealth v. Weiss**, 986 A.2d 808, 816 n.4 (Pa. 2009) ("a fact-finding court should support its determinations with sufficient explanations of the facts and law, including specific citations to the record for all evidence on which it relies, and to the legal authority on which it relies, to facilitate appellate review"); **Commonwealth v. Daniels**, 963 A.2d 409, 435 (Pa. 2009) (holding that, where PCRA court failed to explain the basis for its conclusion that claims were meritless, we could not conduct meaningful appellate review).
>
> Where a PCRA court fails to support its holding with sufficient explanations of the facts and law, or fails to provide an adequate opinion addressing all of the claims raised in a PCRA petition, including factual and credibility disputes, a remand is appropriate. **See Daniels**, **supra** (remanding matter to PCRA court for opinion addressing all of PCRA petitioner's claims). In addition, such a remand may necessitate further proceedings below. **See e.g. Commonwealth v. Roy Williams**, 732 A.2d 1167, 1181 (Pa. 1999) (because PCRA court failed to make an independent credibility determination regarding proposed testimony, and because the PCRA court as factfinder is in a superior position to make such determinations, PCRA court was directed, on remand, to conduct a hearing, and render its own, independent findings of fact and conclusions of law regarding the credibility of the proposed testimony).

***Commonwealth v. Montalvo***, 114 A.3d 401, 410 (Pa. 2015) (parallel citations omitted).

Herein, on August 17, 2020, the PCRA court issued a notice of intent to dismiss Appellant's PCRA petition. The notice, however, is not included in the certified record, leaving us without an explanation for the PCRA court's basis for dismissing Appellant's petition without an evidentiary hearing. Then, on September 27, 2021, the PCRA court entered an order dismissing Appellant's PCRA petition (including his Amended PCRA petition, filed April 12, 2021), but did not provide any explanation as to its reason for doing so. Instead, the PCRA court summarily dismissed Appellant's petition. Finally, the PCRA court did not file a Rule 1925(a) opinion in this matter. As such, we are left without any credibility determinations, findings of fact, or conclusions of law supporting the PCRA court's order.[4] Therefore, we are constrained to remand this matter to the PCRA court. We recognize that the judge who oversaw this matter is no longer on the bench and this matter must be assigned to another judge. Hence, if the newly-assigned judge is unable to resolve this matter on the existing record, the judge is authorized to conduct an evidentiary hearing

---

[4] In its brief on appeal, the Commonwealth concedes that, in light of the PCRA court's failure to issue an opinion in this matter, there are grounds for this Court to remand for further proceedings. ***See*** Commonwealth's Brief at 16-17 and 27.

and admit evidence if necessary.[5]  **See Montalvo**, 114 A.3d at 411-412 (vacating the PCRA court's order dismissing the appellant's PCRA petition and remanding for further proceedings to be conducted by a newly-assigned judge after the initial judge presiding over the matter retired).

We do observe that, on remand, the PCRA court must be mindful of the unique procedural posture of the current matter, which we have outlined above.  The recognition of this fact is important to the instant matter because, currently, Appellant seeks to invoke an exception to the PCRA's timeliness requirement (and, relatedly, the PCRA court's jurisdiction), based upon PCRA counsel's actions during the appeal of his September 18, 2016 submission, in which Appellant raised issues relating to both 16116-2007 and 1812-2008.

In considering whether PCRA counsel's conduct constituted complete abandonment within the contemplation of **Bennett**, the next court must bear in mind that, with respect to 16116-2007, Appellant's September 18, 2016 submission was manifestly untimely, as it was filed more than one year after his judgment of sentence became final (June 15, 2015).  Moreover, with respect to 1812-2008, Appellant's September 18, 2016 submission was premature, as it was filed before the time for filing an appeal to our Supreme

_____

[5] Should the newly-assigned judge deem an evidentiary hearing is necessary, the judge should consider whether Appellant is entitled to the appointment of counsel. **See** Pa.R.Crim.P. 904(D) ("On a second or subsequent petition, when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, and an evidentiary hearing is required as provided in Rule 908, the judge shall appoint counsel to represent the defendant.").

Court expired, and as such, before Appellant's judgment of sentence became final (October 10, 2016). *See Commonwealth v. Smith*, 244 A.3d 13 (Pa. Super. 2020); *see also Commonwealth v. Neisser*, 2020 WL 603614, at *3 (Pa. Super. Feb. 7, 2020) (unpublished memorandum) (holding that the appellant "filed his PCRA petition prior to the finality of his judgment of sentence" and, as such, the appellant's "filing was a legal nullity, and the PCRA court lacked authority to consider it and should have dismissed it without prejudice toward [the a]ppellant's right to file a PCRA petition once the time for him to file a direct appeal had expired"). *But see Commonwealth v. Mojica,* 242 A.3d 949, 954 (Pa. Super. 2020) (declining to treat premature PCRA petition as legal nullity where doing so would be unjust due in part to the PCRA court's "misapprehension" about Appellant's prematurely filed petition). Hence, on remand, the PCRA court must consider the applicability of *Bennett* to the present matter, and also whether, even if *Bennett* is applicable, Appellant's September 18, 2016 submission was nonetheless subject to dismissal because the PCRA lacked jurisdiction to consider the merits thereof.

Order vacated. Case remanded with instructions. Applications for relief filed on December 22, 2022, and January 4, 2023 denied. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/23/2023</u>